UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MIKE FERNANDEZ,                         :
                                        :
                        Plaintiff,      :
                                        :    08 Civ. 05918 (SHS)(THK)
        -against-                       :    Pro Se
                                        :
                                        :    **REPORT AND RECOMMENDATION**
CORRECTION OFFICER ABANDO C.,           :
                                        :
                                        :
                        Defendant.      :
----------------------------------------X

**TO: HON. SIDNEY H. STEIN, UNITED STATES DISTRICT JUDGE**
**FROM: THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

This civil rights action has been referred to this Court for general pretrial supervision. For the reasons that follow, I respectfully recommend that the action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute.

## BACKGROUND

Plaintiff filed this action on June 30, 2008, alleging inter alia, that on March 29, 2008, while incarcerated at Rikers Island, New York City Department of Correction Officer Abando employed excessive force against Plaintiff in violation of his civil rights. After Plaintiff filed his Complaint, the District Court referred the matter to this Court. After Defendant filed an Answer, the Court issued an order, on December 8, 2008, scheduling an initial pretrial conference for January 7, 2008. By letter dated December

-1-

12, 2008, Defendant's counsel informed the Court that all correspondence sent to Plaintiff had been returned as undeliverable. Moreover, on December 11, 2008, Defendant's counsel contacted Pikes County Correctional Facility, Plaintiff's former address, and was informed that Plaintiff was transferred to the custody of "Immigration" on November 6, 2008, and that his current whereabouts were unknown.

In light of this history, the Court stayed the action and ordered Plaintiff to provide the Court with his mailing address within sixty days. (See Memorandum Endorsed Order, dated Dec. 16, 2008.) The Order specifically notified Plaintiff that failure to respond within the sixty-day time period could result in a recommendation that the action be dismissed. The Order was sent to Plaintiff's last known mailing address, but it was returned as undeliverable. Defendant, by letter dated March 13, 2009, now moves this Court to recommend that the action be dismissed for failure to prosecute.

**DISCUSSION**

Dismissal for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, is a remedy that rests within the discretion of district courts, see Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994); Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988), but such discretion should be exercised sparingly since dismissal is a "harsh remedy to be utilized only in extreme situations." Minnette

v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) (quotation marks and citation omitted); see also Martens v. Thomann, 273 F.3d 159, 179 (2d Cir. 2001) (same); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 665 (2d Cir. 1980) (the court should only dismiss where it is "sure of the impotence of lesser sanctions"). In determining whether to dismiss for failure to prosecute, courts should consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was [outweighed by] plaintiff's right to an opportunity for a day in court; and (5) the . . . efficacy of lesser sanctions.

U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004); accord Spencer v. Doe, 139 F.3d 107, 112-13 (2d Cir. 1998). As a general rule, no single factor is dispositive. Nita, 16 F.3d at 485.

As to the first factor, since filing the Complaint nine months ago, Plaintiff has taken no action to prosecute his claims. Over two months ago, the Court attempted to confer with the parties to establish a schedule for pretrial activity, but Plaintiff did not participate. Moreover, assuming Plaintiff was transferred from the Pikes County Correctional Facility in November 2008, he has had four months to apprise the Court of his new address, but has failed to do so. Indeed, Plaintiff has made no attempt to contact the Court or Defendant's counsel.

The second factor also favors dismissal. When Plaintiff first filed the Complaint, he was informed by the Court's Pro Se Office of the need to keep the Court informed of his mailing address, and was warned that failure to do so could result in dismissal of the action. In addition, this Court warned Plaintiff, in a letter dated July 22, 2008, and again in the December 16 Order, that failure to keep the Court apprised of his mailing address could result in a dismissal of the action. Although the letter containing the second warning was returned to the Court as undeliverable, "any inability to receive notice of the proceedings was of Plaintiff's own doing." Lukensow v. Harley Cars of N.Y., 124 F.R.D. 64, 66 (S.D.N.Y. 1989). Warning or not, it remains Plaintiff's "duty to process [his] case diligently." Smith v. Human Resources Admin. of New York City, No. 91 Civ. 2295 (MGC), 2000 WL 307367, at *2 (S.D.N.Y. Mar. 24, 2000) (internal quotation marks and citation omitted); accord Hibbert v. Apfel, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000).

As to the third factor, "[p]rejudice to defendants from unreasonable delay may be presumed." Lyell Theatre Corp. v. Loew's Corp., 682 F.2d 37, 43 (2d Cir. 1982).

With respect to factors four and five, "the authority to invoke [dismissal] for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." Lyell Theater Corp., 682 F.2d at 42. Moreover, lesser

-4-

sanctions would not be meaningful in this case because the Court is unable to communicate with Plaintiff and he has abandoned the case.

Finally, "all litigants, including pro [se litigants], have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 123 (2d Cir. 1988); cf. Civil v. New York City Dep't of Corr., No. 91 Civ. 2946 (SS), 1993 WL 51156, at *2 (S.D.N.Y. February 23, 1993) ("A party who seeks to vindicate his rights through the judicial system must at least attempt to play by the rules of that system. At a minimum, this means communicating with adversaries and with the court in a timely and meaningful manner, and obeying the orders of the Court.").

## CONCLUSION

For the reasons set forth above, the Court respectfully recommends that this case be dismissed with prejudice for failure to prosecute and failure to comply with Court orders.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten days from service of this Report to file written objections. See also Fed. R. Civ. P. 6(a) and (d). Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Sidney H. Stein, and to the chambers of the undersigned, Room 1660. Any requests for an extension of time for filing objections must be directed to Judge Stein. Failure to file

objections will result in a waiver of those objections for purposes of appeal. See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002); Spence v. Superintendent, 219 F.3d 162, 174 (2d Cir. 2000); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Respectfully submitted,

THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: March 23, 2009
       New York, New York